```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

GABINO HERNANDEZ,
On behalf of himself, FLSA Collective
Plaintiffs and the Class,

                    Plaintiff,

     - against -

BARE BURGER DIO INC., BAREBURGER INC.,
BAREBURGER GROUP LLC, GEORGE RODAS,
GREGORY DELLIS, and EFTYCHIOS
PELEKANOS,

                    Defendants.

------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/13
```

12 Civ. 7794 (RWS)

OPINION

A P P E A R A N C E S:

Attorneys for Plaintiff GABINO HERNANDEZ

LEE LITIGATION GROUP, P.L.L.C.
30 East 39th Street, Second Floor
New York, New York 10016
By:  C. K. Lee, Esq.


Attorneys for Defendants BARE BURGER et al

GORDON & REES, LLP
90 Broad Street, 23rd Floor
New York, New York 10004
By:  Jeffrey Spiegel, Esq.
     Michael Vollbrecht, Esq.
     Ronald A. Giller, Esq.

**Sweet, D.J.**

Plaintiff Gabino Hernandez ("Mr. Hernandez" or "Plaintiff") seeks Conditional Collective Certification pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and New York Labor Law ("NYLL"), as well as Court-facilitated notice of this action to Covered Employees and compelled discovery against Defendants Bare Burger Dio Inc., Bareburger Inc., Bareburger Group LLC, George Rodas, Gregory Dellis, and Eftychios Pelekanos (collectively, "Defendants" or "Bareburger"). For the reasons set forth below, Plaintiff's Motion for Conditional Collective Action Certification, for approval of its notice and consent forms, to compel production of contact information, and to post the notice and consent forms at Defendants' restaurant is granted.

## I. *PRIOR PROCEEDINGS*

The Plaintiff filed this lawsuit against Defendants on October 18, 2012 seeking unpaid wages under the FLSA and NYLL. Plaintiff brought the FLSA claims on behalf of himself and all non-exempt employees employed by Defendants in any tipped position within the last three years ("Covered Employees" or "tipped employees"). The Complaint alleges that Defendants (1) failed to pay Covered Employees the proper minimum wage under

1

the FLSA and NYLL; (2) failed to pay Covered Employees the proper overtime premium under the FLSA and NYLL and (3) failed to pay Covered Employees spread of hours premium under NYLL.

On May 2, 2013, Plaintiff filed a motion seeking the following: Conditional certification of this action as a representative collective action; Court-facilitated notice of this action to Covered Employees including a consent form (opt-in form); approval of the proposed FLSA notice of this action and consent form; production in Excel format by Defendants of names, title, compensation rate, hours worked per week, period of employment, last known mailing addresses and all known telephone numbers of Covered Employees within 10 days of the Court's Order approving the motion; and posting of the notice in a conspicuous location at the Bareburger restaurant operated by Defendants.  This motion was marked heard and fully submitted on May 29, 2013.

## II. BACKGROUND

Defendants operate a restaurant enterprise under the trade name "Bareburger," located at 535 LaGuardia Place, New York, New York, 10012.

Plaintiff was employed by Defendants as a delivery person from in or about October 2011 until in or about May 2012.

(Declaration of Gabino Hernandez ("Hernandez Decl."); ¶ 1.)  At all times during his employment, he was a tipped employee. (*Id.*) Plaintiff alleges that during his employment, he was paid a regularly hourly rate of $4.00 per hour from October 2011 to January 2012, and $5.00 per hour from January 2012 to May 2012, in violation of the statutory minimum wage rate required for all tipped employees.  (*Id.* ¶¶ 2-3.)  Plaintiff also alleges that he worked in excess of 40 hours per week and was not compensated with the statutorily required overtime pay.  (*Id.* ¶ 5.)  More specifically, Plaintiff alleges that Defendants failed to provide proper tip credit because they: (1) did not provide proper notice under the FLSA and NYLL; (2) failed to properly calculate overtime rate; (3) caused him to engage in non-tipped duties exceeding 20% of his workday including cooking, preparing food, and cleaning the restaurant and (4) did not provide proper wage statements informing Plaintiff of the amount of tip credit for each payment period.  (Plaintiff's Memorandum ("Mem.") at 6.)

In addition, Mr. Hernandez maintains that during his employment, he personally observed that other tipped employees were also paid below the statutory wage, worked in excess of 40 hours per week without being properly compensated for overtime, were not provided proper written wage notice or tip credit

3

notice, and were often required to engage in non-tipped activities exceeding 20% of their workday. (Hernandez Decl. ¶¶ 4-7.) Furthermore, Mr. Hernandez asserts that he regularly exceeded ten hours per work day without any spread of hour premium, and personally observed that no employee employed by Defendants received any spread of hour payments even when their workday exceeded ten hours per day. (*Id.* ¶ 8.)

Plaintiff asserts that Covered Employees, including Mr. Hernandez, are owed compensation for unpaid (1) minimum wage, (2) overtime pay, (3) liquidated damages, and (4) attorneys fees and expenses.

## IV. STANDARD OF REVIEW

Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery. *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007); *see also Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007). Following this determination, notification of class members proceeds according to a court-ordered plan, providing the opportunity for those notified to "opt-in" to the action. *Fasanelli*, 516 F. Supp. 2d at 321. After discovery, the Court re-examines the record to

determine whether the claimants are indeed similarly situated. *Id.* If they are not, the class can be decertified at that time and the claims of dissimilar "opt-in" plaintiffs dismissed without prejudice. *Id.*

When determining whether a matter shall proceed as a collective action, courts should be mindful of the remedial purposes of the FLSA. *See, e.g., Braunstein v. Eastern Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). The FLSA allows employees to sue on behalf of themselves and other employees who are "similarly situated." 29 U.S.C. § 216(b). Similarly situated employees may opt in to the lawsuit and become party plaintiffs by filing written consent with the court. *Krueger v. New York Telephone Co.*, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993). Plaintiffs can meet this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," *Hoffmann v. Sbarro, Inc.*, 982 F.Supp. 249, 261 (S.D.N.Y.1997), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli*, 516 F. Supp. 2d at 323. Therefore, the appropriate inquiry at this pre-discovery stage is whether the putative class alleged by Plaintiffs is similarly situated based on the

pleadings and any affidavits. *Id* (holding that "the initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations"); *see also Lynch v. United Servcs. Auto. Ass'n,* 491 F.Supp.2d 357, 367-68 (S.D.N.Y.2007) (the "burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage."); *Anglada v. Linens 'N Things, Inc.,* 2007 WL 1552511, at *4 (S.D.N.Y. April 26, 2007).

### V. PLAINITFF'S MOTION FOR CONDITOINAL COLLECTIVE CERTIFICATION IS GRANTED

Plaintiff contends that the allegations in the pleadings and declaration of Mr. Hernandez are sufficient to make the modest factual showing necessary to conditionally certify the class. Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit. (*See* Mem. at 3-4.) For instance, in *Iriarte v. Redwood Deli and Catering, Inc.,* No. 07 Civ. 5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008), the court granted conditional collective certification on one plaintiff's declaration of observations of widespread practices in combination with discovery responses by defendants showing that they kept no records on any of their employees. *Id.* In *Khamsiri v. George & Grank's Japanese Noodle*

6

*Rest. Inc.*, No. 12 Civ. 0265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012), the court likewise granted conditional collective certification based on a single affidavit of an employee alleging only based on personal observations that she and other employees in tipped positions, who performed work "similar" to hers, were paid less than the statutory minimum and not compensated for overtime. *Id.; see also Bowens v. Atlantic Maintenance Corp.*, 546 F.Supp.2d 55, 82 (E.D.N.Y.2008) (allowing certification despite any corroborating factual evidence aside from employee's affidavits as to the practices of the defendants). Similarly in *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12-Civ-265 (PAE), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013), the court found that plaintiffs had satisfied the "light burden" at the first stage of certification based on an affidavit swearing that the employee "observed" other similarly situated employees treated with the same illegal policies by defendants. *Id.* at *1; *see also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their observations, their experiences were shared by members of the proposed class.").

Here, Plaintiff has submitted a declaration by Mr. Hernandez confirming that he and other non-exempt employees employed by defendants in tipped positions, who performed work similar to his, were, *inter alia,* paid less than the statutory minimum wage, not paid overtime pay, did not receive tip credit notice or proper written wage notice, did not receive any spread of hour premium and were required to engage in non-tipped activities exceeding 20% of the workday. (Hernandez Decl. ¶¶ 3-8.). Accordingly, Plaintiff has met his burden, and conditional collective action certification for all non-exempt employees employed by Defendants in any tipped position within the last three years is authorized. *See, e.g., Khamsiri*, 2012 WL 1981507 at *1 (approving conditional collective certification based on single plaintiff's affidavit "confirming that she and other non-exempt employees employed by defendants in tipped positions, who performed work similar to hers, were, *inter alia,* paid less than the statutory minimum wage and not paid overtime pay.").

In addition, Plaintiff at this stage sufficiently alleges that all tipped employees were subjected to Defendants' common policies violating the FLSA. (Hernandez Decl. ¶¶ 1; 4.) The policies in question affect any employee at Bareburger whose salary depends on tips, and Plaintiff alleges that these employees did work that was the "same or similar" as his

8

employment. (*Id.*) This is sufficient at this stage to satisfy the "very low" burden that Covered Employees are "similarly situated." *Lynch*, 491 F. Supp. 2d at 368; *see also Mendez v. Pizza on Stone, LLC et al*, No. 11 Civ. 6316, 2012 WL 3133547, at *2 (S.D.N.Y. March 29, 2012) (granting conditional certification for all non-exempt employees, including waiters, runners, bussers, and cooks, when the single plaintiff was a delivery person); *Khamsiri*, 2012 WL 1981507 at *1 (allowing certification for all tipped employees based on plaintiff affidavit that tipped employees are similarly situated); *Summa v. Hofstra University*, 715 F. Supp. 2d 378, 383 (E.D.N.Y. 2010) (holding that variations in positions and job functions do not at the preliminary stage prevent certification where plaintiff showed only that "plaintiff and the potential plaintiffs held the same or similar positions, were subject to the same policies and were not paid the federal minimum wage and did not receive overtime compensation for hours worked in excess of 40 hours in any given week" in violation of the FLSA); *Colozzi v. St. Joseph's Hospital Health Center*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) (holding that putative class members' hundreds of job positions do not "necessarily undermine plaintiff's motion since under section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job

9

functions and in the same locations, provided that they are subject to a common unlawful policy or practice.").[1]

## VI. NOTICE TO "SIMILARLY SITUATED" EMPLOYEES IS APPROPRIATE

Plaintiff further requests that the Court authorize expedited notice of this action to be sent to all potential Covered Employees, and not delay the sending of this notice until the completion of discovery.

The Supreme Court has recognized that the benefits of collective action accrue to plaintiffs only if they "receiv[e] accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "[I]t lies within the discretion of a district court to begin its involvement [in the notice process] early, at the point of the initial notice." *Id.*

---

[1] Defendants cite only one case in support of their position that Plaintiff has not adequately alleged that the Covered Employees are similarly situated or that Defendants exhibited a common policy of FLSA violations. (Mem. Opp. at 4.) However, in *Barfield v. N.Y. City Health & Hosps. Corp.* cited by Defendants, the plaintiff herself chose to sign with multiple referral agencies so that she could work more than 40 hours in a given week, and did not anywhere show that the hospital was aware of this, had any policy generally to evade FLSA requirements, or that there was any agreement between the referral agencies and the hospital to ensure this violation. No. 05-Civ-6319 (JRS), 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005). This case is inapposite here, where Plaintiff personally experienced FLSA violations directly from his employer and personally observed these policies used against other employees. (Hernandez Decl. ¶¶ 1; 4.)

at 171; *see also Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 327 (S.D.N.Y. 2011) (internal citations omitted) ("The Second Circuit has recognized a district court's authority to order that notice be given to potential members of a plaintiff class in actions under this section (generally-referred to as 'collective actions'), pursuant to the opt-in provisions of the FLSA."). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Raniere*, 827 F. Supp. 2d at 327 (*citing Hoffman-La Roche Inc.*, 493 U.S. at 170).

Here, "court-authorized notice is appropriate, to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy." *Khamsiri*, 2012 WL 1981507, at *1; *see also Lynch,* 491 F.Supp.2d at 371. The Court therefore approves Plaintiff's notice and consent forms as submitted. *See id.; see also Garcia v. Pancho's Villa of Huntington Vill., Inc.,* No. 09-cv-486, 2012 WL 1843785, at *3 (E.D.N.Y. May 21, 2012).

### A. *Discovery of Names and Contact Information of Potential Opt-In Plaintiffs is Proper Under § 216(b)*

Plaintiff additionally requests that the Court direct Defendants to produce the: "names, title, compensation rate, hours worked per week, period of employment, last known mailing

11

addresses, alternate addresses (if any), and all known telephone numbers of all Covered Employees" employed by Defendants at any point in the past three years. (Mem. at 13.) Defendants do not oppose this request. As has been noted by a number of courts in this circuit, "[c]ourts often grant this kind of request in connection with a conditional certification of an FLSA collective action." *Sexton v. Franklin First Financial, Ltd.,* No. 08-Cv-04950 (JFB)(ARL), 2009 WL 1706535, at *13 (E.D.N.Y. June 16, 2009); *see also Vaughan v. Mortgage Source LLC,* No. 08-Cv-4737 (LDW)(AKT), 2010 WL 1528521, at *9 (E.D.N.Y. April 4, 2010) ("Courts within the Second Circuit typically grant this type of request when granting a motion for conditional certification of an FLSA collective action"); *see also Siewmungal v. Nelson Mgmt. Grp. Ltd.,* No. 11-Cv-5018, 2012 WL 715973, at *5 (E.D.N.Y. Mar. 3, 2012) (discovery of contact information is appropriate at the notice stage of FLSA actions); *Lynch,* 491 F.Supp.2d at 371 (same); *Chowdhury v. Duane Reed Inc.,* No. 06-Civ-2295 (GEL), 2007 WL 2873929, at *2 (S.D.N.Y. Oct. 2, 2007) (same); *Anglada,* 2007 WL 1552511, at *7; *Hens v. ClientLogic Operating Corp.,* 2006 WL 2795620, at *5 (W.D.N.Y. Sept. 26, 2006) (same). Such a request is likewise appropriate in this case. Accordingly, Defendants shall produce to Plaintiff a computer-readable list of the names, addresses,

compensation rates, telephone numbers, and dates of employment for all tipped non-exempt employees employed by Defendants from June 18, 2010 to present. This information shall be produced within 15 days from the entry of this Order.

### B. *Posting of Notice and Consent Forms is Proper under § 216(b)*

Finally, Plaintiff seeks Court-ordered access to Defendants' restaurant to post the notice and consent forms. Defendants do not oppose this request. "Such posting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts." *Khamsiri*, 2012 WL 1981507, at *1 (*citing Ack v. Manhattan Beer Distributors, Inc.*, No. 11-Cv-5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012)); *Jacob v. Duane Reade, Inc.*, No. 11-cv-6160, 2012 WL 260230, at *10 (S.D.N.Y. Jan. 27, 2012) (collecting cases)). Plaintiff's request is, therefore, granted.

**VII. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Conditional Collective Action Certification, for approval of its notice and consent forms, to compel production of contact information, and to post the notice and consent forms at Defendants' restaurant is granted.

It is so ordered.

**New York, NY**
**June** 18, 2013

_____
ROBERT W. SWEET
U.S.D.J.