```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

GABINO HERNANDEZ,
On behalf of himself, FLSA Collective
Plaintiffs and the Class,

                    Plaintiff,                   12 Civ. 7794 (RWS)

    - against -                                       OPINION

BARE BURGER DIO INC., BAREBURGER INC.,
BAREBURGER GROUP LLC, GEORGE RODAS,
GREGORY DELLIS, and EFTYCHIOS
PELEKANOS,

                    Defendants.

-----------------------------------X
```

A P P E A R A N C E S:

      Attorneys for Plaintiff GABINO HERNANDEZ

      LEE LITIGATION GROUP, P.L.L.C.
      30 East 39th Street, Second Floor
      New York, New York 10016
      By:  C. K. Lee, Esq.

      Attorneys for Defendants BARE BURGER et al

      GORDON & REES, LLP
      90 Broad Street, 23rd Floor
      New York, New York 10004
      By:  Jeffrey Spiegel, Esq.
          Michael Vollbrecht, Esq.
          Ronald A. Giller, Esq.

**Sweet, D.J.**

Plaintiff Gabino Hernandez ("Mr. Hernandez" or "Plaintiff") has brought an action for damages arising out of his employment as a take-out food delivery person for Defendants Bare Burger Dio Inc., Bareburger Inc., Bareburger Group LLC, George Rodas, Gregory Dellis, and Eftychios Pelekanos (collectively, "Defendants" or "Bareburger") for federal minimum wage and overtime violations under the Federal Labor Standards Act ("FLSA") and New York State minimum wage, overtime and "spread of hours" violations.  This Court certified Plaintiff's motion for Conditional Collective Action Certification on June 18, 2013.

On June 20, 2013, Plaintiff notified the Court via letter of a discovery dispute that had arisen.  The dispute concerned Defendants' responses to Plaintiff's Interrogatories and Document Production Requests.  Plaintiff's letter was treated as a motion to compel.  For the foregoing reasons, Plaintiff's motion is denied in part and granted in part.

## I. *PRIOR PROCEEDINGS*

Plaintiff filed this lawsuit on October 18, 2012, under the FLSA and NYLL, on behalf of himself and all non-exempt tipped

1

employees employed by Defendants within the last three years ("Covered Employees" or "tipped employees").

On May 2, 2013, Plaintiff filed a motion seeking the following: Conditional certification of this action as a representative collective action; Court-facilitated notice of this action to Covered Employees including a consent form (opt-in form); approval of the proposed FLSA notice of this action and consent form; production in Excel format by Defendants of names, title, compensation rate, hours worked per week, period of employment, last known mailing addresses and all known telephone numbers of Covered Employees within 10 days of the Court's Order approving the motion; and posting of the notice in a conspicuous location at the Bareburger restaurant operated by Defendants.  On June 18, Plaintiff's motion was granted in its entirety.

On March 22, 2013, Plaintiff served his First Set of Interrogatories and Document Production Requests on Defendants. The parties met and conferred on June 3, 2013 regarding disputes over Defendants' responses, and Defendants agreed to provide supplemental responses to Plaintiff's Document Production Requests, Initial Disclosures and status of e-discovery production by June 10, 2013.  On June 10, 2013, Defendants provided their supplemental responses.

On June 20, 2013, Plaintiff submitted a letter to the Court requesting that the Court compel Defendants' compliance with certain outstanding discovery requests.  This motion was marked fully submitted on July 10, 2013.

## II.  BACKGROUND

Defendants operate a restaurant enterprise under the trade name "Bareburger," located at 535 LaGuardia Place, New York, New York, 10012.

Plaintiff was employed by Defendants as a delivery person from in or about October 2011 until in or about May 2012. (Declaration of Gabino Hernandez ("Hernandez Decl."); ¶ 1.)  At all times during his employment, he was a tipped employee. (*Id.*) Plaintiff alleges that during his employment, he was paid a regularly hourly rate of $4.00 per hour from October 2011 to January 2012, and $5.00 per hour from January 2012 to May 2012, in violation of the statutory minimum wage rate required for all tipped employees.  (*Id.* ¶¶ 2-3.)  Plaintiff also alleges that he worked in excess of 40 hours per week and was not compensated with the statutorily required overtime pay.  (*Id.* ¶ 5.)  More specifically, Plaintiff alleges that Defendants failed to provide proper tip credit because they: (1) did not provide proper notice under the FLSA and NYLL; (2) failed to properly

3

calculate overtime rate; (3) caused him to engage in non-tipped duties exceeding 20% of his workday including cooking, preparing food, and cleaning the restaurant and (4) did not provide proper wage statements informing Plaintiff of the amount of tip credit for each payment period. (Plaintiff's Memorandum ("Mem.") at 6.)

In addition, Mr. Hernandez maintains that during his employment, he personally observed that other tipped employees were also paid below the statutory wage, worked in excess of 40 hours per week without being properly compensated for overtime, were not provided proper written wage notice or tip credit notice, and were often required to engage in non-tipped activities exceeding 20% of their workday. (Hernandez Decl. ¶¶ 4-7.) Furthermore, Mr. Hernandez asserts that he regularly exceeded ten hours per work day without any spread of hour premium, and personally observed that no employee employed by Defendants received any spread of hour payments even when their workday exceeded ten hours per day. (*Id.* ¶ 8.)

Plaintiff asserts that Covered Employees, including Mr. Hernandez, are owed compensation for unpaid (1) minimum wage, (2) overtime pay, (3) liquidated damages, and (4) attorneys fees and expenses.

4

With respect to these claims, Plaintiff served Interrogatories and Document Production Requests on Defendants on March 22, 2013. After Defendants' supplemental responses on June 10, Plaintiff sill maintains that Defendants' responses are deficient.

### III. PLAINTIFF'S MOTION TO COMPEL IN DENIED WITH RESPECT TO REQUEST NO. 13, AND GRANTED AS TO ALL OTHER OUTSTANDING REQUESTS

Rule 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . ." Fed.R.Civ.P. 26(c). "[T]he burden is upon the party seeking non-disclosure or a protective order to show good cause." *Dove v. Atlantic Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992) (citations omitted).

### A. Document Request 13

In request No. 13, Plaintiff seeks tax returns from the formation of Defendant Bareburger, Inc. to the present date.[1]

---

[1] Plaintiff initially requested discovery from the past six years to the present, but Mr. Hernandez has amended his request to the date of Defendants' formation until the present date given that Bareburger, Inc., was founded in 2009.

"Although tax returns are not privileged documents, Court's are reluctant to order their discovery in part because of the 'private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Chen v. Repblic Rest. Corp.*, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (*citing Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y.1979); *Wiesenberger v. W.E. Hutton & Co.,* 35 F.R.D. 556, 557 (S.D.N.Y.1964)). In order to reconcile privacy concerns with liberal pretrial discovery, a two prong inquiry must be used when determining whether a party's tax returns should be produced for discovery. *Cooper v. Hallgarten & Co.,* 34 F.R.D. 482, 484 (S.D.N.Y.1964). "Tax documents should not be provided for discovery purposes unless (1) they appear relevant to the subject matter of the action, and (2) there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable." *Chen*, 2008 WL 793686, at *2; *see also Smith v. Bader,* 83 F.R.D. 437 (S.D.N.Y.1979) (*citing Cooper v. Hallgarten & Co.,* 34 F.R.D. 482, 484 (S.D.N.Y.1964)); *Ellis v. City of New York,* 243 F.R.D. 109, 111-112 (S.D.N.Y.2007).

Plaintiff contends that the tax returns are "material, relevant and necessary" because Defendant Bareburger, Inc. has

not admitted to gross annual revenues of $500,000 (co-defendants
Bareburger Dio, Inc. and Bareburger Group LLC have admitted to
this in their answers) and the tax returns thus go to the heart
of the jurisdictional issue.  (Memorandum to Compel Discovery,
"Mem. to Compel"; at 2.)  Because the same information could be
found through alternative and less invasive means such as
Defendants' financial records, Plaintiff's request for
Defendants' tax records is denied.

B. Document Request No. 11

Plaintiff maintains that Defendants have not adequately
supplemented their original response to Request No. 11 (all
financial statements from Defendants' formation to the present),
and that this information is "material, relevant and necessary"
because Defendant Bareburger, Inc. has not admitted to gross
annual revenues of $500,000 (co-defendants Bareburger Dio, Inc.
and Bareburger Group LLC have admitted to this in their answers)
and the financial statements thus go to the heart of the
jurisdictional issue.  (Mem. to Compel at 2.)

Defendants have not articulated a reason why this
information should be withheld.  Plaintiff's motion to compel
this information is therefore granted. *See Palm Bay Intern.,
Inc. v. Marchesi Di Barolo S.P.A.*, 2009 WL 3757054, at *4

7

(E.D.N.Y. Nov. 9, 2009) ("[F]inancial records sought by
Defendant are discoverable and fall within the Federal Rules'
definition of relevance because they are 'reasonably calculated
to lead to the discovery of admissible evidence.'") (internal
citations omitted).

C. Document Request No. 1 and E-Discovery

With respect to Request No. 1 and all e-discovery,
Defendants respond that the requested documents are no longer in
their possession.  Specifically, Defendants explain that their
payroll was conducted on a program known as "QuickBooks," that
they did not use a third-party provider, and that Hurricane
Sandy, in destroying their offices and computers, devastated all
of these payroll records, including wiping out their back-up
servers.  Defendants have provided insurance letters evidencing
destruction of these files and denial of coverage for their
losses.

Plaintiff, in turn, alleges that the information requested
must exist in personal computers, PDAs, blackberries or other
such devices.  Plaintiff also contends that copies of payroll or
backup documentation, including copies of QuickBooks reports,
may have been emailed or provided in hard copy to a third party,
such as the CPA.  To the extent Plaintiff is correct, Defendant

8

is ordered to produce all existing information relevant to
Request No. 1 and outstanding e-discovery that has not yet been
provided.  Further, Defendant is ordered to produce any pay
records, or other information relevant to Request No. 1 and e-
discovery, which have accumulated since Hurricane Sandy.

D. Class Discovery

Defendants assert that they produced all requested class
information on the relevant deadline, July 10, 2013.  Plaintiff
clarifies that in addition to the Class List, which was ordered
in this Court's June 18, 2013 Opinion and Order, Plaintiff has
requested various forms of class discovery in its First Set of
Interrogatories and Document Production Requests. To the extent
Defendants have not complied with these requests, they are
ordered to do so.

9

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Collective Action Certification, for approval of its notice and consent forms, to compel production of contact information, and to post the notice and consent forms at Defendants' restaurant is granted.

It is so ordered.

**New York, NY**
**July 17 , 2013**

ROBERT W. SWEET
U.S.D.J.

10